(No. 2682

S. G. Cool Company, a corporation, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 16, 1948.*

A. C. Lewis and Edward C. Kesler, for Claimant.

George F. Barrett, Attorney General; William L Morgan, Assistant Attorney General, for Respondent.

Damron, J.

The complaint in this case was filed June 17, 1935. This court is asked to grant an award to the claimant in the sum of $616.28 extra expenses alleged to have been incurred by the claimant by reason of the respondent's failure to furnish cement required for the completion of a construction contract.

The contract was awarded to claimant on November 7, 1932 for the construction of a bridge in Logan County and is identified as State Bond Issue Route 121, Federal Aid Project, No. 2-163, Section 116 B, Contract No. 5027.

The testimony of George C. Whitty, President of

claimant corporation, shows that work was started on this project in December 1932 and completed in August, 1933. The State failed to furnish cement in April 1933 upon the request of claimant and work was suspended on May 18, 1933. On that date construction was completed except for surfacing the roadway. Shipment of cement was resumed about June 30, 1933 and work was then continued to completion.

This witness further testified in reference to machinery and equipment which was left by claimant at the site during the time he was unable to work due to the lack of cement, and the rental value thereof, amounts paid to maintain watchmen and other items comprising the alleged damages.

It is stipulated between the parties through their respective counsel that a final estimate was prepared and scheduled by the State Auditor for payment to claimant on November 13, 1933; that State warrant No. 222078 in the sum of $1,939.18 evidencing final payment was issued by the State Auditor November 16, 1933, payable to S. G. Cool Co., a corporation, the claimant herein; the said warrant was endorsed by the claimant-corporation and was deposited for payment through the First National Bank of Chicago, November 17, 1933 and was paid and marked cancelled by the State Auditor on November 18, 1933.

It is further stipulated by and between the parties hereto that the "Standard Specifications for Road and Bridge Construction" adopted January 1932 are by reference incorporated as a component part of the contract out of which this claim arises. Division I, Section 9, Article 9.7 of these Standard Specifications provides as follows:

"The acceptance by the contractor of the last payment as aforesaid shall operate as and shall be a release to the Department from

all claims or liability under this contract for anything done or furnished or relating to the work under this contract, or for any act or neglect of said Department relating to or connected with this contract."

There is no contention by claimant or any evidence offered as to any waiver of this release provision.

The contractual provision above quoted is identical with other claims which have been decided by this court in which we have held that the acceptance of final payment by the claimant constituted a full release of all claims growing out of contracts such as the one before us. *Urech* vs. *State*, 8 C.C.R. 212; *Midwest Construction Company* vs. *State*, 9 C.C.R. 443; *Henkel Construction Company* vs. *State*, 10 C.C.R. 538; *Strandberg and Son Co.* vs. *State*, 13 C.C.R. 49.

The law as enunciated in the above cases is controlling here. Award denied.